[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 541.]

OFFICE OF DISCIPLINARY COUNSEL V. WASHINGTON.

[Cite as *Disciplinary Counsel v. Washington*, 1997-Ohio-186.]

*Attorneys at law—Misconduct—Six-month suspension—Engaging in conduct prejudicial to the administration of justice—Neglecting an entrusted legal matter.*

(No. 96-2787--Submitted February 19, 1997--Decided June 11, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-38.

_____

{¶ 1} On April 15, 1996, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent, William T. Washington of Dayton, Ohio, Attorney Registration No. 0051948, had violated several Disciplinary Rules. As a result of a hearing on November 15, 1996, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that after having been appointed by the common pleas court in January 1994 to represent Victor Manuel Castro on his appeal of a criminal conviction, respondent requested three extensions to file his appellate brief. In his third extension request, respondent said that he "should complete the brief before Thursday of this week." During the extended briefing time respondent did not pursue the appeal. Instead, he engaged attorney Harry Sykes of Louisville, Kentucky, a lawyer not admitted in Ohio, to handle the appeal and sent him the case file. Respondent testified that he knew at the time that Sykes was a drug addict and gambler, but that he did not know the extent of Sykes's addiction or that Sykes was practicing out of a barber shop. When respondent failed to file a brief after the third extension, the court of appeals in August 1994 removed respondent as counsel and appointed another attorney to represent Castro. Castro ultimately lost his appeal.

**{¶ 2}** In September 1995, Castro filed a grievance with relator alleging that respondent had never contacted him or notified him of the appellate court's order removing respondent as his counsel. Relator received no answer to its September and October 1995 certified mail inquires of respondent with respect to Castro's allegations. On January 31, 1996, in response to a second subpoena, respondent appeared at relator's office for a deposition. While relator was attempting to investigate the matter, respondent, knowing that he had been removed as Castro's counsel, contacted Castro and told him that if he would withdraw his grievance, respondent would handle the appeal.

**{¶ 3}** By way of mitigation, respondent testified that during the time of these events his wife had given birth to a brain-damaged child who required ten operations, and that respondent resided in an apartment house on an unpaved road and had trouble receiving mail. Respondent offered three witnesses who testified as to his good character and legal ability. Respondent then stated that he had moved permanently to Seattle, Washington, with his family, but intended to continue to practice in Ohio.

**{¶ 4}** The panel concluded that by accepting employment in an indigent appeal, never pursuing the appeal, and then attempting to assign the case without court approval to a drug-impaired attorney, not licensed in Ohio, respondent clearly violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice) and 6-101(A)(3) (neglecting a legal matter entrusted to him). The panel recommended that respondent be suspended from the practice of law for six months. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Stacy Solochek*, Assistant Disciplinary Counsel, for relator.

*William T. Washington, pro se.*

—————————————

***Per Curiam.***

**{¶ 5}** We adopt the findings, conclusions, and recommendation of the board.  By engaging a co-counsel without determining whether he would be able to perform his duties, respondent neglected the legal matter entrusted to him by the court.  By being less than honest in his reasons for time extensions, respondent engaged in conduct prejudicial to the administration of justice. Respondent is hereby suspended from the practice of law in Ohio for six months.  Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would publicly reprimand respondent.

—————————————